**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Norman B. Dudley, Respondent.

Appellate Case No. 2015-001785

———————————

Appeal From Berkeley County
J. C. Nicholson, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-248
Submitted December 12, 2017 – Filed June 13, 2018

———————————

**AFFIRMED**

———————————

Marcus Keith Gore, South Carolina Department of Public
Safety, of Blythewood, for Appellant.

Norman B. Dudley, of Summerville, pro se.

———————————

**PER CURIAM:** The State appeals the circuit court's order dismissing its appeal
from the magistrate's court because it was untimely. The State contends the circuit
court erred in finding the State had ten days to appeal the magistrate's court's
dismissal of a driving under the influence (DUI) charge against Norman B. Dudley
instead of thirty days. We affirm.

The State argues the circuit court erred by applying the ten-day rule from section 18-3-30 of the South Carolina Code (2014).[1] The State instead maintains it has thirty days to file an appeal from the magistrate's court under Rule 74, SCRCP.[2] The State asserts section 18-3-30 applies only to criminal defendants and the State's right to appeal is instead governed by case law.

The circuit court's order found the magistrate's court issued its decision on December 3, 2013. The circuit court's order also indicated the State filed its appeal to the circuit court on January 3, 2014. The State has not appealed either of these findings. Accordingly, they are the law of the case. *See Rumpf v. Mass. Mut. Life Ins. Co.*, 357 S.C. 386, 398, 593 S.E.2d 183, 189 (Ct. App. 2004) ("Any unappealed portion of the trial court's judgment is the law of the case, and must therefore be affirmed."). The date on which the circuit court found the appeal was filed—January 3—was thirty-one days after the date the circuit court found the State received notice of the magistrate's court's decision. Because the law of the case is that the appeal was filed more than thirty days after notice of the decision, the State's filing of appeal was late even under Rule 74, not just section 18-3-30. *See Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 440 n.3, 629 S.E.2d 642, 651 n.3 (2006) ("[An appellate] court may affirm the trial court based on any ground found in the record." (citing Rule 220(c), SCACR)).

**AFFIRMED.**[3]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] Section 18-3-30 provides in part, "The appellant, within ten days after *sentence*, shall file notice of appeal with the clerk of circuit court and shall serve notice of appeal upon the magistrate . . . and upon the designated agent for the *prosecuting agency* or *attorney who prosecuted the charge* . . . ." § 18-3-30(A) (emphases added). The next subsection states, "A person *convicted* in magistrate[']s court . . . may appeal his *conviction* within the time allotted . . . ." § 18-3-30(B) (emphases added).

[2] Rule 74, SCRCP, provides, "Notice of appeal to the circuit court must be served on all parties within thirty (30) days after receipt of written notice of the judgment, order[,] or decision appealed from."

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.